COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:          Randall Dale Jones v. The State of Texas

Appellate case number:     01-18-00841-CR

Trial court case number:     82911-CR

Trial court:                           412th District Court of Brazoria County

On March 12, 2019, we abated this appeal and remanded the case to the trial court based on retained counsel's failure to file a brief on appellant's behalf. In our abatement order, we directed the trial court to determine whether appellant wished to prosecute the appeal and whether his retained counsel, Zachary Maloney, had abandoned the appeal. And, we directed the trial court clerk to prepare and file a supplemental clerk's record containing the trial court's findings and conclusions, and the court reporter to file a reporter's record of the abatement hearing no later than April 11, 2019. A clerk's record and reporter's record have not been filed as directed.

Accordingly, we continue the abatement of this appeal. We direct the trial court to immediately conduct a hearing at which a representative of the Brazoria County District Attorney's Office, appellant's counsel, Zachary Maloney, and appellant are be present.[1] *See* TEX. R. APP. 38.8(b)(2). The trial court shall have a court reporter record the hearing.

The trial court is to:

(1)  determine whether appellant wishes to prosecute the appeal;
(2)  determine whether counsel, Zachary Maloney, has abandoned the appeal;

---

[1]  If appellant is incarcerated, at the trial court's discretion, appellant may participated in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

(3) if counsel has not abandoned the appeal, inquire of counsel the reasons, if any, that he has failed to file a brief and set a date by which counsel will file a brief, not later than 30 days from the date of the hearing.

(4) if counsel has abandoned this appeal, enter an order relieving him of his duties as appellant's counsel, including in the order the basis for a finding of abandonment, and determine whether appellant is indigent; and:

(a) if indigent, appoint new appellate counsel at no expense to appellant and set a date by which counsel will file a brief, no later than 30 days from the date of the hearing; or

(b) if not indigent, admonish appellant of the dangers and disadvantages of self-representation and

i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date by which the brief is due, no later than 30 days from the date of the hearing; or,

ii. if appellant does not wish to proceed pro se, set a date by which appellant must hire an attorney, no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f), 26.04(j)(2); TEX. R. APP. P. 38.8(b) *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's order, findings, and recommendations with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: _/s/ Russell Lloyd_____
       ☑ Acting individually   ☐ Acting for the Court

Date: __April 30, 2019_____

2